UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSEF E. DIAZ-SHEVATZ,<br>　　　　Plaintiff,<br>　　v.<br>ROGER MARTINEZ, et al.,<br>　　　　Defendants. | Case No. 17-07300 EJD (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

**DISCUSSION**

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally

1 construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.  **Plaintiff's Claims**

Plaintiff claims that his right to due process was violated during disciplinary proceedings for a Rules Violation Report ("RVR") for fighting with his cellmate. (Compl. at 3.) Plaintiff also claims the RVR was "falsified/fabricated" and based solely on some bruises and his refusal to admit that there was a fight. (Id., Attach. at 1.) Plaintiff claims he was found guilty and assessed 90 days forfeiture of credit and 30 days loss of privileges. (Id., Attach. at 2.) The guilty finding was "approved" on April 28, 2016. (Id.) Plaintiff seeks damages and dismissal of the RVR. (Id. at 3.)

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. Id.; see also Edwards v. Balisok, 520 U.S. 641, 645 (1997) (claim arising from loss of good credits in disciplinary proceeding subject to Heck if success in 1983 case would result in shortened sentence).

Plaintiff filed an inmate grievance challenging the RVR, without success. (Compl. at 2.) As part of the relief sought in this action, Plaintiff seeks dismissal of the RVR at issue. (Id. at 3.) Accordingly, it is clear that the RVR has not been invalidated, so the claims for damages also must be dismissed. See Trimble v. City of Santa Rosa, 49 F.3d

2

583, 585 (9th Cir. 1995) (claims barred by Heck may be dismissed sua sponte without prejudice).

Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). Accordingly, to the extent that Plaintiff is challenging the 90 days forfeiture of credit which affects the duration of his confinement, such an action should be brought as a petition for a writ of habeas corpus rather than a § 1983 action. Id. Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff may seek relief for the allegedly improper calculation of time credits by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice as barred by Heck, 512 U.S. at 487.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** 4/16/2018

_____
EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.17\07300Diaz-Shevatz_dism(Heck)

3